Timothy A. Chandler State Bar No: 70426
Law Offices of Timothy A. Chandler
Email: theprivatedefender@gmail.com
110 West C Street Suite 1300
San Diego, California  92101
Telephone: (619) 645-5245
Facsimile:   (619) 330-9915

Attorneys for Plaintiff JUANITA PHILLIPS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA PHILLIPS, an individual, ) | Case No. CV |
| Plaintiff, ) | |
| vs. ) | |
| ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| HUNT AND HENRIQUES, a California Law ) Partnership, MIDLAND FUNDING LLC, a ) Limited Liability Company, AND DOES 1-10, ) | |
| ) | **(UNLAWFUL DEBT COLLECTION PRACTICES)** |
| Defendants ) | |
| ) | |

## I.     INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff, Juanita Phillips, an individual citizen and 80 year old widow, against Defendants Hunt and Henriques a California Law Partnership (hereinafter referred to as "Hunt and Henriques" or "Defendants") and Midland Funding LLC (hereinafter referred to as "Midland" or "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. This case involves what is a particularly egregious case of collection abuse and oppression by debt collectors.

## II.     JURISDICTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

2.      Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here. The transactions and occurrences which give rise to this action occurred in Los Angeles County. Venue is proper in Los Angeles County pursuant to Business & Professions Code Section 17203, which allows any person who has engaged in unfair competition to be enjoined in "any court of competent jurisdiction" and pursuant to Civil Code Section 1780(c) as the place where one or more of the defendants is doing business.

### III.      PARTIES

3.      Plaintiff, Juanita Phillips, is a natural person and an 80 year old widow residing in Los Angeles, California, County of Los Angeles, California.

4.      Defendant, Hunt and Henriques, is a California law partnership established in 1982 which is engaged in the business of collecting debt in California, with its principal place of business located in San Jose, California. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant, Midland Funding LLC, is a Limited Liability Company which buys consumer debts from other companies and then collects or attempts to collect these debts from consumers.

6.      Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

7.      The true names and capacities of the Defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint. Plaintiff, therefore, sues said Defendants by such fictitious names and will ask of Court to amend this Complaint to show their true names or capacities when the same have been ascertained.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

8.     At all times herein mentioned, each of the Defendants was the agent, servant, representative, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency and/or employment.

## IV.     FACTUAL ALLEGATIONS

9.     Midland purchases large portfolios of old, defaulted debt for pennies on the dollar;

10.     Midland and Hunt and Henriques then file lawsuits against  individuals named in the portfolios.

11.     Midland and Hunt and Henriques do not obtain from the original creditor or any previous assignee any admissible evidence establishing the liability for or amount of the debt allegedly owed by the named individuals.

12.     Midland and Hunt and Henriques do not obtain admissible evidence of the original credit agreement (including the interest rate) or chain of ownership of the debt.

13.     Midland and Hunt and Henriques regularly fail to undertake a reasonable investigation into whether the alleged debt is time-barred or barred by an arbitration agreement.

14.     Midland and Hunt and Henriques violated the FDCPA by: using false, deceptive, and misleading means to attempt to collect the alleged debt; falsely representing the character and legal

**COMPLAINT AND DEMAND FOR JURY TRIAL**

status of the alleged debt; threatening to take an action that could not legally be taken; using unfair or unconscionable means to collect a debt; and attempting to collect amounts not authorized by the contract or the law and not following the terms of the contracts which gave rise to the debt pursued.

15.     Midland and Hunt and Henriques falsely represented their standing to collect the debt in that they could not and can not prove Midland's status as a valid assignee of Chase Manhattan Bank.

16.     Midland and Hunt and Henriques knew that it lacked evidence to support their claims and engaged in deceptive behavior intended to intimidate Plaintiff through aggressive litigation, knowing that they cannot prove Midland's claims.

17.     By correspondence on the letterheads of Hunt and Henriques, Midland mailed a collection letter over the typewritten name of Hunt and Henriques to Plaintiff demanding a payment of a debt in the amount of $6,741.22 allegedly due Midland.

18.     On December 12, 2012 Midland and Hunt and Henriques sued Plaintiff in state court in Case # 12K18952 claiming Plaintiff owed $6,741.22 on a defaulted credit card from Chase Bank, which was charged off.

19.     Defendants did not attach a copy of the Credit Card Agreement or a copy of the alleged assignment of that account, as an Exhibit to that lawsuit.

20.     On January 06, 2013 Plaintiff sent a letter to defendants and Chase demanding a dismissal of the lawsuit citing that Chase's credit card agreement contained an arbitration clause which deprived the Court of jurisdiction. A copy of that letter is attached as Exhibit A.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

21.     Plaintiff demanded that Midland and Hunt & Henriques validate the debt by producing a copy of the credit card agreement that supported the payments being sought by them.

22.     Defendants refused to validate the Credit Card debt stating: "Plaintiff is unable to comply with this demand, as Plaintiff is not, nor ever has been, in possession of any card agreement containing an arbitration provision. If a card agreement with an arbitration provision exists, Plaintiff's predecessor in interest likely has possession of such an agreement."

23.     Even though Plaintiff demanded verification of the alleged debt, Defendants ignored Plaintiff's demand for verification of the alleged debt and have refused to verify the debt and have provided with the lawsuit in violation of the alleged agreement and FDCPA.

## FIRST CAUSE OF ACTION

### (Against all Defendants for Violations of the Fair Debt Collection Practices Act)

24.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1through 23.

25.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:  Plaintiff demanded verification of the debt through correspondence, letters and other communications with the debt collector, Hunt & Henriques. The debt collectors Hunt and Henriques and Midland, have refused to verify the debt. Defendants Hunt and Henriques and Midland have admitted that they do not have verification of the debt. Despite not having any proof or evidence that Plaintiff is indebted to Defendants, Defendants filed a lawsuit seeking to collect the unverified purported debt from Plaintiff. Defendants knew, at the time the lawsuit was filed, that Chase Bank's agreements with consumers contain an arbitration clause. Defendants have refused to produce the

**COMPLAINT AND DEMAND FOR JURY TRIAL**

purported agreement to Plaintiff because an arbitration agreement would deny them the right to file and proceed with an action against Plaintiff in civil court.

26.     Defendants never sent Plaintiff the 30 day notice which they were required to do under the Rosenthal Act. Even after the lawsuit was filed against Plaintiff, Defendants refused to produce verification of the alleged debt and any agreements and documentation associated with it.

27.     Defendants have engaged in an illegal scheme to force Plaintiff to pay an unverified and uncollectable debt. Defendants sued on an alleged obligation without the legally required proof or verification of the purported debt. Defendants then outsourced the litigation to contract attorneys who appear in court without verification of the debt because Defendants know that they have not, and cannot, provide the contract attorneys with the verification Defendants do not have. The contract attorneys' lack of verification evidence stalls and delays the case, running up the legal fees and costs of Plaintiff. Plaintiff had to hire an attorney with expertise in consumer law to fight against the lawsuit seeking collection on an unverified debt, and has already incurred legal fees in the amount of $9,025 in the lawsuit. In this manner, Defendants have engaged in a documented unfair debt collection practice and pattern of forcing consumers, including Plaintiff, to pay unverified debts to avoid the cost of fighting the unverified and uncollectable debt. Defendants have failed to stop collection efforts unless and until the disputed debt is verified. This is because Defendants know that they cannot verify the debt on which they sued and harassed Plaintiff for payment.

28.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**SECOND CAUSE OF ACTION**

**(Against all Defendants for Violations of the Rosenthal Act, Civil Code Section 1788, et. seq.)**

29.    Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 28.

30.    The Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et. seq. was enacted in 1976 to protect consumer from the oppressive and over-reaching debt collection practices of creditors and professional debt collectors. Civil Code Section 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code Section 1788.1(a)(2). The Rosenthal Act as originally passed set forth a list of proscribed collection practices. In 1999, the Legislature expanded creditor liability even further, by incorporating violations of the federal Fair Debt Collection Practices Act as violations of the Rosenthal Act. Civil Code Section 1788.17. The effect of this amendment was to subject creditors and debt collectors such as Hunt and Henriques and Midland Bank to the prohibitions of federal law, from which they had previously been exempted.

31.    Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code Section 1788.2(d), in that they regularly and in ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debt. Plaintiff is a "debtor" within the meaning of Civil Code Section 1788.2(h) in that she is a natural person from whom Defendants sought to collect a consumer debt alleged to be due and owing.

32.    The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" with the meaning of Civil Code Section 1788.2(f).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

33.    Defendants violated the provisions of Civil Code Section 1788.17 by: using unfair or unconscionable means to collect or attempt to collect a debt, in violations of 15 U.S.C. Section 1692f.

34.    Defendants threatened to take action in violation of provisions of the Rosenthal Act.

35.    Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code Section 1788.30(b). Plaintiff is also entitled to the remedies set forth at 15 U.S.C. Section 1692k, pursuant to Civil Code Section 1788.17.

36.    Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Civil Code Section 1788.30(c), and 15 U.S.C. Section 1692k.

37.    Any communications or communicative acts by defendants herein in connection with their attempts to collect on alleged debts were not made to achieve the objects of, and had no connection or logical relation to, any judicial proceeding or anticipated judicial proceeding. At the time of making any such communications or performing any such communicative acts, a lawsuit was not imminent, and defendants did not seriously contemplate a lawsuit in good faith as a means of resolving any dispute.

38.    At all times herein, Defendants acted with malice, and with a state of mind arising from ill will, evidencing a willingness to vex, annoy, and/or injure Plaintiff and members of the general public.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**THIRD CAUSE OF ACTION**

**(Against all Defendants for Intentional Infliction of Emotional Distress)**

39.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1through 38.

40.     Defendants engaged in extreme, outrageous and unreasonable acts in seeking payment from Plaintiff, an 80 year old widow. These acts went beyond the bounds of decency expected in a civilized society.

41.     Defendants intended to cause Plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

42.     As a direct and proximate result of defendants' outrageous conduct, Plaintiff suffered mental distress, mental suffering, and/or mental anguish, including nervousness, grief, anxiety, worry, humiliation, and indignity.

43.     As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

44.     Defendants acted with oppression, fraud or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**(Against all Defendants for Negligent Infliction of Emotional Distress)**

45.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 44.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

46.     Defendants engaged in negligent conduct and/or willful violations of statutory standards in their conduct vis-a-vis Plaintiff.

47.     As a direct and proximate cause of Defendants' negligent conduct and/or willful violations of statutory standards, Plaintiff suffered serious and/or severe emotional distress

48.     As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

## FIFTH CAUSE OF ACTION
**(Against all Defendants for Violations of Consumer Credit Reporting Agencies Act, Civil Code Section 1785.1 et. seq.)**

49.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 48 above.

50.     Defendants violated Civil Code Section 1785.25(a) by furnishing information about Plaintiff to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate.

51.     Defendants violated Civil Code Section 1785.25(b) by determining that they had reported inaccurate or incomplete information about Plaintiff to consumer credit reporting agencies, and subsequently failing to (1) notify the consumer credit reporting agencies of that determination and (2) provide correction or additional information necessary to make the information complete and accurate.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

52.     Defendants violated Civil Code Section 1785.25(c ) by furnishing information about Plaintiff, the accuracy or completeness of which was subject to a continuing dispute, to a consumer credit reporting agency, without including a notice that the information was disputed by Plaintiff.

53.     Plaintiff has suffered actual damages as a result of the foregoing conduct by Defendants, including one or more of the following: court costs, loss of wages, attorney's fees, and pain and suffering. Plaintiff is entitled to recover her actual damages from Defendants, in an amount to be determined according to proof.

54.     Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, thereby entitling Plaintiff to punitive damages pursuant to Civil Code Section 1785.31(a)(2), in addition to actual damages.

55.     Plaintiff has been aggrieved by Defendants' violations of the Consumer Credit Reporting Agencies Act, and is therefore entitled to injunctive relief and to any other relief that the court deems proper, pursuant to Civil Code sections 1785.31(a)(2)(C) and 1785.31(b).

56.     Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Civil Code Section 1785.31(d).

## SIXTH CAUSE OF ACTION
**(Against all Defendants for Violations of Consumer Legal Remedies Act, Civil Code Section 1750,  et. seq.)**

57.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 56.

## COMPLAINT AND DEMAND FOR JURY TRIAL

58.     The Consumer Legal Remedies Act, Civil Code Section 1750, et. seq. (hereinafter "the CLRA") was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code Section 1770 that are prohibited in any transaction intended to result in the sale or lease of goods or services to the consumer.

59.     At all relevant times, Plaintiff was a consumer as that term is defined in Civil Code Section 1761(d). The unlawful practices of defendants are part of a "transaction" covered by the CLRA as that term is defined in Civil Code Section 1761(e).

60.     The acts and practices of defendants as alleged herein violate Civil Code Section 1770(a)(14) which prohibits "representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law."

61.     Defendants' violations of Civil Code Section 1770 present a continuing threat to members of the public in that Defendants are continuing to engage in the alleged practices, and will not cease until an injunction is issued by this Court.

62.     Pursuant to Civil Code Section 1782(d), Plaintiff brings this cause of action for injunctive relief at this time. Plaintiff, at her option, will provide to defendants a Preliminary Notice and Demand pursuant to Civil Code Section 1782. Unless defendants timely take the corrective action specified in the Notice and Demand, Plaintiff will then amend this cause of action to include a request for damages, including punitive damages.

63.     Pursuant to Civil Code Section 1780(d), Plaintiff is entitled to an award of attorney's fees and costs.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Violations of Business and Professions Code Section 17200 et. seq.)**

64.      Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 63 above.

65.      Defendants have committed acts of unfair business practices proscribed by Business and Professions Code Section 17200, et. seq., including the practices alleged herein. Plaintiff is a California consumer who has been subject to these unlawful and unfair practices. Plaintiff has suffered actual injury as a result of Defendants' unfair business practices, including, attorney's fees. Defendants committed each of the violations enumerated above against Plaintiff.

66.      Defendants have been systematically violating the provisions of the Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et. seq., the CLRA, Civil Code Section 1750, et. seq., and the Consumer Credit Reporting Agencies Act, Civil Code Section 1785.1 et. seq. These violations are and were a matter of corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

67.      Plaintiff is informed and believes and on that basis alleges that, since four years prior to the filing of the complaint, defendants have been and are violating the Rosenthal Fair Debt Collection Practices Act, and therefore the UCL by engaging in conduct the natural consequence of which is to harass or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. Section 1692d and using unfair or unconscionable methods in collecting debts, in violation of 15 U.S.C. Section 1692f.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

68.     The business acts and practices of defendants constitute unlawful business practices under Business and Professions Code Section 17200 in that said acts and practices violate provisions of the Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et. seq., and that said acts and practices offend public policy, are substantially injurious to consumers, and have no utility that outweighs their substantial harm to consumers.

69.     The business acts and practices of defendants constitute "fraudulent" business practices under Business and Professions Code Section 17200 in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

70.     The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to Plaintiff and other members of the general public in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

71.     Pursuant to Business and Professions Code Section 17203, Plaintiff seeks an order enjoining defendants from engaging in the acts and practices as alleged, and ordering that defendants disgorge all ill-gotten gains and provide appropriate restitution to Plaintiff and all affected consumers.

72.     Plaintiff seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to Code of Civil Procedure Section 1021.5 and any other applicable law.

**EIGHTH CAUSE OF ACTION**

**(Against all Defendants for Breach of Contract)**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

73.     Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 72 above.

74.     Defendants have violated the terms and conditions of the alleged credit card agreement with Plaintiff on which they sued. In the terms and conditions of the agreement, if a matter of controversy or dispute arose, the parties to that agreement were required to seek private arbitration out of court, upon demand by either party.

75.     Defendants knowingly and unlawfully violated the terms and conditions of the credit card agreement, and Plaintiff's right to arbitration by filing the lawsuit and continuing with the lawsuit after getting Plaintiff's demand for arbitration.

76.     Plaintiff is informed and believes and on that basis alleges that, defendants have been systematically filing lawsuits, prohibited by arbitration clauses of the contracts in which the alleged debt are held, in order to unlawfully induce alleged debtors into paying debts that they are not legally required to litigate or pay.

77.     Defendants have willfully used the judicial system as a vehicle for fear-mongering. By intimidating alleged debtors with lawsuits that have no legal merit which cannot be proved in court. Defendants are able to scare people into paying off alleged debts without providing admissible evidence establishing that the alleged debt is owed by the alleged debtor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Juanita Phillips respectfully requests that judgment be entered against Defendants for the following:

A.  Declaratory judgment that each Defendant's conduct violated the FDCPA;

B.  Actual damages in the amount of $9,025;

**COMPLAINT AND DEMAND FOR JURY TRIAL**

C.  Actual damages proven as to this lawsuit;

D.  Statutory damages pursuant to 15 U.S.C. Section 1692k;

E.  Statutory damages pursuant to Civil Code Section 1788.30(b);

F.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k;

G.  Costs and reasonable attorney's fees and remedies pursuant to Civil Code Section 1788.17;

H.  For such other and further relief as the Court may deem just and proper.

I.  Punitive Damages in the amount of $100,000.00.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

Dated: May 02, 2014                    By:  /s/Timothy A. Chandler

_____

Timothy A. Chandler
Law Offices of Timothy A. Chandler
110 West C Street Suite 1300
San Diego, CA. 92101
Telephone: (619) 645-5245
Facsimile:  (619) 330-9915
Attorneys for Plaintiff Juanita Phillips

**COMPLAINT AND DEMAND FOR JURY TRIAL**